In the Matter of the Claim of AMERICAN LEGION, INC., TROOP 1, POST No. 665, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, May 5, 1960.

*Louis J. Lefkowitz, Attorney-General* (*Frank E. Sacco, Paxton Blair* and *Samuel Stern* of counsel), for appellant.

*Poletti & Freidin* (*Emanuel L. Gordon* of counsel), for the American Federation of Musicians of the United States and Canada, *amicus curiæ*.

GIBSON, J.   This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held respondent, an alleged employer, not liable for unemployment insurance contributions on wages paid to certain musicians.

The respondent operated clubrooms for its members and on occasion engaged an orchestra pursuant to union contract on the so-called Form B contract which has previously been before the courts (see, *inter alia, Matter of Basin St.* [*Lubin*], 6 N Y 2d 276) and which refers to the musicians as employees and to respondent as employer and provides that, " The employer shall

at all times have complete control of the services which the employees will render under the specifications of this contract.'' The board adopted the Referee's findings, including these: '' The orchestra played the hours agreed upon prior to the engagement. They were not directed or controlled as to the number of pieces played or the rest periods. The post officers were interested only in the appearance of the orchestra for the engagement. They did not endeavor to affect any of the orchestra's activities.'' The Referee thereupon held: '' The fact that the contract recites that the purchaser of the music is the employer and has the right to direct and control the music is not conclusive. (*Matter of Savoy Ballroom Corp.*, 286 App. Div. 684, reversing Appeal Board 46,555-54). No evidence has been produced to show that the employer directed or controlled the musicians.'' The board affirmed without additional opinion.

Its decision was, however, rendered prior to that of the Court of Appeals in the *Basin St.* case (*supra*) which seems to us to require that we reverse the decision before us. In *Savoy* (*supra*, p. 691) upon which the Referee and the board principally relied, the evidence was (as the Court of Appeals in *Basin St.* specifically emphasized) '' overwhelmingly clear that the operator did not in fact have any *right* to control the manner of performance of the services under the contract.'' (Italics supplied.) Here there is no such finding and it is doubtful that the record would support more than the negative finding which the board did make — in substance, that there was no evidence of any *actual* direction or control.

The court said in *Basin St.* (*supra*, p. 280) : '' As noted, there is no evidence in the record before us as to the actual practices of the parties and who, in fact, exercised supervision over the musicians. In the absence of evidence so indicating, we cannot assume that the contractual provision vesting complete control in the operator, as employer, was a fiction. Since the only evidence in the record unequivocally stamps the operator as the employer of all the musicians, there is no evidence to support the Board's finding to the contrary.'' In the case before us, the board seems to have considered that the contract provision for control by the designated '' employer '' could not be found conclusive even in the absence of any other evidence; and the holding which has been quoted seems to us to suggest that the board considered that control may not be found except upon proof of its actual exercise. Each of these concepts is erroneous under the *Basin St.* decision and, accordingly, reversal is required. It seems to us that the absence of affirmative proof of control of expert or artistic services is not significant in

cases where there appears to have been no necessity or occasion to exercise control, and that in such cases, the trier of the facts may properly find the contract provision for control decisive. Here, for example, there is not the slightest suggestion that the orchestra leader's acts, as respected "pieces played" or "rest periods" or otherwise, in any way conflicted with the wishes or convenience of the employer, whose interest was "only in the appearance of the orchestra for the engagement." We may not conjecture that the employer would not have exerted control or that the musicians would have contested its exercise if, for example, they had played selections offensive to their audience or taken overlong rest periods or in some manner misbehaved.

The appellant Industrial Commissioner, however, seeks a determination which would go beyond the necessities of this case, and, in fact, considerably beyond the holding in the *Basin St.* case (*supra*), in urging that as a matter of public policy and in aid of the solution of a burdensome administrative problem the Form B contract should be taken at its face and the person designated as "employer" in every case be liable for unemployment insurance taxes and this, apparently, regardless of evidence of actual control. The argument is persuasive and was, in fact, the theory of the dissenting opinion in *Bartels* v. *Birmingham* (332 U. S. 126) in which Mr. Justice DOUGLAS, writing for the minority, said (p. 133): "I think the tax collector should be entitled to take such private arrangements at their face. In other situations a taxpayer may not escape the tax consequences of the business arrangements which he makes on the grounds that they are fictional. The Government may ' sustain or disregard the effect of the fiction as best serves the purposes of the tax statute.' *Higgins* v. *Smith,* 308 U. S. 473, 477 ". It is clear, however, that the rule remains to the contrary. "It is settled law that the identity of the employer must be ascertained on the facts of the individual case, and that no written agreement may preclude an examination into the actual relationship of the parties (*Matter of Morton,* 284 N. Y. 167, 175; *Matter of Electrolux Corp.,* 288 N. Y. 440, 444)." (*Matter of Basin St.* [*Lubin*], *supra,* p. 278.)

The decision should be reversed, without costs, and the initial determination of the Industrial Commissioner reinstated.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision reversed, without costs, and the initial determination of the Industrial Commissioner reinstated.