■ In the Matter of AMERICAN MOTOR INNS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 23, 1974, which assessed appellant additional contributions as amounts due for the audit periods beginning January 1, 1970 and ending September 30, 1972. The board has found that musicians who performed services for the appellant pursuant to the terms of the standard "Form B" contract of the American Federation of Musicians were employees of the appellant. The clear language of the "Form B" contract constitutes the purchaser of the music as

the employer of the band *(Matter of Basin Street [Lubin]*, 6 NY2d 276), and this provision is controlling unless there is "overwhelmingly clear" evidence that the contract provision reserving complete control to the purchaser was fiction *(Matter of Savoy Ballroom Corp. [Lubin]*, 286 App Div 684, 691). Whether such a provision is a fiction in a given case is a factual issue and thus for the board's determination if supported by substantial evidence (e.g. *Matter of Pietrzak [Catherwood]*, 34 AD2d 864; *Matter of Coral Inn [Catherwood]*, 31 AD2d 771). The mere fact that the control given is not exercised is not alone dispositive *(Matter of Pietrzak [Catherwood], supra)*, especially in the absence of proof that the exercise of such control was necessary *(Matter of American Legion, Troop 1, Post No. 665 [Catherwood]*, 10 AD2d 400, 402–403). On the instant record, we cannot say, as a matter of law, that the board could not properly find that the appellant was an employer and subject to contributions. Decision affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.