### THIRD DEPARTMENT, DECEMBER, 1976

### (December 2, 1976)*

■ In the Matter of MNORX, INC., et al., Appellants. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 1974, which determined that musicians performing at appellants' places of business were employees of appellants and not independent contractors. Appellants are owners of business establishments wherein they employ musicians, pursuant to "Form B" contracts of American Federation of Musicians, to entertain their customers. On this appeal, they challenge the board's determination that these musicians are their employees and not independent contractors and the resulting additional assessments against appellants to include the salaries of the musicians. We find that the board's decision must be affirmed. The "Form B" contracts in question provided in pertinent part that appellants: "shall at all times have complete supervision, direction and control over the services of musicians on this engagement and expressly reserves the right to control the manner, means and details of the performance of services by the musicians". Thus, appellants were expressly guaranteed the right of control whether they chose to exercise it or not, and it may well have been that conditions rendered it unnecessary that they exercise such control. Under such circumstances, the board was justified in finding that appellants were employers subject to additional assessments (Matter of American Motor Inns [Levine], 49 AD2d 791; Matter of Pietrzak [Catherwood], 34 AD2d 864). Appellants' remaining contentions are similarly without merit. We know of no public policy which requires a contrary result, particularly in view of the long line of cases which have interpreted "Form

---

* Not published with other decisions of December 2, 1976, 55 AD2d 688. [Rep.

B" contracts as we do here. As for the contention that the additional assessments were excessive because they were based upon wages including amounts used to pay booking agents and other expenses, this also must be rejected. Expenses of any employee for such items as travel, meals and employment agency fees are generally not deducted in arriving at assessments. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.